IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
|   Plaintiff | * | |
|     v | * | Civil Action No.  DKC-15-3703 |
| ARCHBISHOP OF NEW ORLEANS, et al., | * | |
|   Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned Complaint was filed on December 3, 2015 , together with a Motion to Proceed in Forma Pauperis.  Because Plaintiff appears to be indigent, the motion shall be granted.

The Complaint alleges that:

On or about 2013 Archbishop of New Orleans as part of Archdiocese of New Orleans published open letter, exercise of boycott; against Plan Parenthood; in that any company participate in build out of Plan Parenthood may not participate in any corporation under control of Archdioceses of New Orleans.

But Archbishop et al should not have been able to enumerate a policy affecting incongruent corporation not of set of Archdiocese.

ECF No. 1, p. 1.

Archbishop spoke as religion, but religion is not a part of 'general Welfare' enumerated in Article 1 Section 8 Clause 1; only items allowed under expenditure via taxation.  Therefore vis-à-vis; archdiocese do not qualify to exist under expenditure of tax money of general Welfare, thus Archbishop open letter; due from tax vis-à-vis general Welfare ipso facto prior in the ordo cogniscendi [cogniscendi].

Archdiocese of New Orleans could not function as Corporation trading as; since the corporation subsumes under general Welfare, which Archdiocese could not be part of.

Because Constitution does not recognize tax exempt; tax could be collected; but cannot be exempted; which is general welfare taxation and expenditure.

*Id*., p. 2.

Plaintiff does not allege suffering a direct injury as a result of the statement made, and it is unclear what relief he seeks. *Id*. at p. 4.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty.*, S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a non-prisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

Date:  December 23, 2015                        /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge